JESÚS MARÍA ROSSY, Plaintiff and Appellee, v. RAFAEL DEL VALLE-ZENO, Defendant and Appellant.

No. 3849.   Argued January 17, 1927.—Decided March 16, 1927.

*Manuel Rodríguez Serra* for the appellant.  *Luis Llorens, Acuña* and *Janer* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Another incident has come up in this appeal. Its dismissal is now moved for by the appellee on the ground that the appellant did not consign in the clerk's office of the district court the amount of rent due up to the date of the judgment, but merely *deposited* it and then attached the deposit in an action brought by him against the plaintiff for damages.  Both parties were heard in open court and the appellant opposed the motion of the appellee.

Let us examine the first question.  The appellee admits that the appellant *deposited* the rent in question, but contends that *to deposit* is not the same as *to consign* as required by law.  On the strength of that contention he insists on the dismissal of the appeal in compliance with section 15 of the Unlawful Detainer Act, which reads as follows:

"In the appeals taken in actions commenced for nonpayment of the stipulated rentals, the plaintiff may, at any stage of the appeal, move for the dismissal of the same in case the defendant fails to deposit (*consignase*) in the office of the secretary of the court the amount of each and all of the installments under the lease as they become due."

What is the meaning of the Spanish word "consignase" as used by the legislators?

Is it sufficient that the appellant deposit the rent in the court at the disposal of the appellee, or is it necessary that the consignation should be notified previously to the appellee in order that it may be effective in accordance with section 1145 of the Civil Code?

Escriche's *Diccionario Razonado de Legislación y Jurisprudencia* defines "*consignar*" as follows:

"To deposit judicially the price of some thing or some amount;

to set apart the return from a property or effect for the payment of some amount or rent due, or forward goods to an agent; and to deliver (antiquated)."

And *"consignación"* is defined by Escriche as:

"A deposit made by a debtor of the amount of the debt when a creditor refuses to receive it. It sometimes happens that for private reasons a creditor refuses to accept payment for the thing or amount due him; and the debtor has then the expedient of tendering the money in the presence of good men, or before a judge, as is usually done, and depositing it at once with the latter's approval, thereby freeing himself from his obligation and the risk of the money whose subsequent loss shall be borne by the creditor.

"But in order that the tender be valid it must be for the whole amount of the debt, to be made by a person with capacity to pay to a creditor likewise with capacity to receive, or to his agent at the place agreed upon, or, in default thereof, at the domicile of the creditor, that the payment has fallen due and that the condition of the debt has been fulfilled.

"The deposit must be real and effective, notifying the creditor of the day, hour, and place where the deposit is to be made, and notifying him afterwards of the day, hour and place where it has been made, in case he has not appeared, in order that he might withdraw the thing or amount deposited. Law 8, Title 14, *Part. 5.*"

Sections 1145 and 1146 of the Revised Civil Code are as follows:

"Section 1145. In order that the consignation of the thing due may release the obligee, notice thereof must previously be given to the person interested in the fulfillment of the obligation.

"Consignation shall have no effect when not strictly in accordance with the provisions governing payment.

"Section 1146. Consignation shall be made by depositing the things due at the disposal of the judicial authority before whom the tender shall be proven in a proper case and the notice of the consignation in other cases.

"After the consignation has been made the persons interested shall also be notified thereof."

If the word "consign" were given its strict legal construction it would have to be admitted that the appellant is

right, but it is evident that the legislators did not mean to go so far when it was used in section 15 of the Unlawful Detainer Act. It is a case of consignations after the litigation. The controversy has begun, the action has been brought and both parties are before the court. The procedure is well known and it is with the court that both parties have to deal; and therefore the only thing required to comply with the law is to make the deposit with the clerk of the court with notification thereof to the other party. More than twenty years ago this Supreme Court, by Associate Justice Figueras, in the case of *Torres* v. *District Court*, 10 P.R.R. 20, expressed itself as follows:

"It is not stated in a clear and specific manner what were the errors of procedure which were committed, and this it was the duty of the petitioner to do upon making this application for a writ of *certiorari*.

"But when sections 1144 to 1148 of the Revised Civil Code are alleged to have been violated, we must assume that the consignation of a sum representing the rental for the months of September, October, November, and December last was not made in accordance with the provisions cited, because it was on this ground that the dismissal of the appeal was prayed for under the provisions of section 15 of the Act establishing unlawful-detainer proceedings, approved March 9th of the preceding year; which prayer was denied by the judge of the district court, and after the trial had been held the complaint was dismissed.

"Let us see now whether any errors were committed in the consignation:

"Section 12 of said Act establishing unlawful-detainer proceedings provides:

" 'Whenever the action of unlawful detainer is founded upon the nonpayment of the amounts agreed upon, the defendant shall be denied the right of appeal unless he deposits in the office of the secretary of the court the amount due as the price up to date of the judgment.'

"Section 15 provides:

" 'In the appeals taken in actions commenced for nonpayment of the stipulated rentals, the plaintiff may, at any stage of the appeal, move for the dismissal of the same in case the defendant fails to de-

posit in the office of the secretary of the court the amount of each and all of the installments under the lease as they become due.'

"The petitioner alleges in his application that the rental for the months of September, October, and November had been deposited in the office of the secretary of the Municipal Court of Bayamón, and it is to be assumed, as nothing to the contrary is alleged, that the provisions of section 12, aforecited, had been complied with in all respects, in view of the fact that the appeal was allowed.

"And it is further alleged that the rental for the month of December last was also deposited in the office of the secretary of the district court, and it is not alleged that the subsequent installments were not deposited during the prosecution of the appeal, then it does not appear, nor is it alleged in the application, that an error was committed in the procedure by the denial of the judge to dismiss the appeal, inasmuch as his decision conformed in all respects to the provisions of said section 15 of the act establishing unlawful-detainer proceedings upon which the petitioner bases his application.

"It appears that in this case the prior deposit, required by the law establishing unlawful-detainer proceedings for the admission and prosecution of an appeal to its conclusion, is confused with the tender of payment and consignation referred to in sections 1144 to 1148 of the Revised Civil Code.

"A consignation in such case duly made is equivalent to the performance of the obligation to pay, and the consignation made for the admission and prosecution of an appeal in an action of unlawful detainer to which the petitioner refers, is subordinate to the results of the final decision, and for this reason cannot be considered other than a deposit, as has been stated above.

"Such consignation or deposit has been made, in accordance with the provisions of the special act establishing unlawful-detainer proceedings, in the offices of the secretaries of the respective courts, as is to be inferred from the application for a writ of *certiorari* itself, and we therefore do not observe the error of procedure committed, and the application for a writ of *certiorari* herein should be denied."

Since then the legal practice recognized by this court has been followed by the courts of this Island. We see no reasons for changing it.

Let us examine the second ground of the motion to dismiss, *i. e.* that the deposit had been invalidated because it had been attached by the depositor himself in another action.

It appears from the record that the real facts of the case are as follows:

In compliance with the provisions of section 15 of the Unlawful Detainer Act plaintiff Del Valle had been depositing with the clerk of the court every month the amount of the rent. According to a certificate issued on the 26th of January he had deposited on that account the sum of $4,800.93.

Besides the action of unlawful detainer there is another action pending now in the district court brought by Del Valle against Rossy for breach of contract and damages. The plaintiff petitioned therein for the attachment of property of the defendant to secure the effectiveness of the judgment to be rendered. The court made an order requiring security in the amount of ten thousand dollars and in compliance therewith and at the suggestion of the plaintiff the marshal proceeded to attach several properties and also (we copy literally from the return of the order of attachment signed by the marshal) "The sum of $4,300.93, which is now in the possession of the clerk of this court in civil case No. 899 of the extinct District Court, Second Section, of San Juan, P. R., belonging to the defendant, the clerk having been notified of the levying of this attachment on August 18, 1926, according to a written notice that has been signed by him and which is annexed to the record, as a complement of this return."

At the hearing on the motion to dismiss appellant Del Valle invoked in his favor the decision of the Circuit Court of Appeals for the First Circuit in the said case of mandamus No. 1992 (original) Rafael del Valle, petitioner, decided on August 5, 1926.

We have examined it carefully and think that the arguments therein set forth construing section 12 of the Unlawful Detainer Act are not necessarily applicable to section 15 now under consideration.

In reply to questions of one of the justices at the hearing

on the motion to dismiss the attorney for appellant Del Valle admitted that the order of attachment could not be of any effect because property in *custodia legis* can not be attached. In support of that contention a memorandum of authorities has been filed.

The appellee alleged that although the attachment was finally dissolved, it is a fact that in order to secure its nullity he would be compelled to institute new proceedings and in that case it can not be alleged that the appellant has complied with the letter and spirit of the law. The appellee quoted from the opinion of this court in the case of *Silva* v. *Aboy, Giorgetti & Co.*, 20 P.R.R. 71, where it was said:

"The statute orders that in a case like the present where an action of unlawful detainer is based on nonpayment, the 'amount due as the price' shall be deposited in the office of the secretary.

"The purpose of the statute regulating this matter is to safeguard the interests of the plaintiff by preventing the defendant from continuing by virtue of the appeal in the possession of the property without paying the stipulated rent, and the said rent should be deposited in such a manner that, in a proper case, it may be immediately at the disposal of the plaintiff."

After quoting the foregoing it will be sufficient to say that according to the opinion that we have formed of the case after its careful study and consideration, the question lacks the importance given to it by the able argument of the appellee and the position assumed by the appellant.

In our judgment the confusion arose from the fact that the appellee opposed within the action of unlawful detainer the acts of appellant Del Valle in another action and that Del Valle did not refuse to argue the point as it was presented at the hearing.

Confining ourselves to the action of unlawful detainer, we must conclude that Del Valle complied with the provisions of section 15 of the special law on the matter by depositing each month the amount of the rent. That is all that was required of him and he did it. From the moment of making

the deposit he considered that it did not belong to him, but to Rossy.

His acts in another action can not be invoked to show that he did not comply with the duties imposed on him by the law in the action of unlawful detainer. Whether or not he is right in the other action is a matter to be cleared up and decided in that action. Whether or not the order to secure the effectiveness of the judgment was properly issued is not a question that we can consider. It was issued after furnishing security in the sum of ten thousand dollars. The property deposited was considered by the plaintiff in the action as belonging to the defendant like others in regard to which no question has been raised. We think that in a legal sense the position of Del Valle in applying for and securing the attachment did not differ from that of any other person bringing an action against Rossy and who, in order to secure the effectiveness of the judgment against him, might have applied for and secured similar relief.

The second assignment is without merit also.

The motion must be overruled.

Mr. Justice Wolf concurred in the result.